# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ISAAC ANTONIO VELASQUE
SALAZAR,

    Petitioner,

    v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

    Respondents.

Case No. 1:26-CV-245

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Petitioner Isaac Antonio Velasque Salazar's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 11), and Petitioner has replied, (Doc. 13).[1] The petition is now ripe for review.

## I.    <u>FACTUAL BACKGROUND</u>

Petitioner, a citizen of Peru, entered the United States in March 2023. (Doc. 1, PageID 10). After being encountered by Border Patrol agents near Yuma, Arizona, Petitioner was placed in removal proceedings and released on his own recognizance. (Doc. 11, PageID 46). Petitioner has a pending asylum application and a valid work permit. (Doc. 1, PageID 10).

The record reflects that, on March 5, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at his place of employment. (*Id.*). He

---

[1] Defendant Richard Jones, Warden of the Butler County Jail, also moves to dismiss for failure to state a claim. That motion will be denied as moot.

1

remains in custody at the Butler County Jail on behalf of federal immigration authorities, and has not been afforded a bond hearing.

The instant petition followed on March 9, 2026, with Petitioner arguing that his ongoing detention without a bond hearing violates both the Fifth Amendment and the Immigration and Nationality Act of 1952. Petitioner seeks immediate release from custody, or, in the alternative, a constitutionally adequate custody redetermination hearing before an IJ. Respondents counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and his detention does not violate his due process rights.

## II.  CONTROLLING LAW & ANALYSIS

As Respondents note, the undersigned has already found in substantially similar cases that (1) Respondents' novel and overly broad interpretation of § 1225(b) is flawed; and (2) a Petitioner's detention under the mandatory detention framework violates the Due Process Clause of the Fifth Amendment. (Doc. 11, PageID 42) ("Respondents acknowledge that this Court's prior decisions will control the result here . . . as the facts presented in this action are not materially distinguishable for purposes of the Court's prior decisions on these issues."). The Court finds again, for the reasons stated in prior opinions, that Petitioner's continued detention is unlawful in the absence of an individualized, constitutionally adequate custody redetermination hearing. *See Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705 (S.D. Ohio Jan. 2, 2026); *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801 (S.D. Ohio Feb. 18,

2026); *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 35094

(S.D. Ohio Feb. 20, 2026); *Wali v. Raycraft*, No. 1:26-CV-145, 2026 U.S. Dist. LEXIS

36339 (S.D. Ohio Feb. 23, 2026).

### III.    CONCLUSION

Accordingly, the petition for a writ of habeas corpus, (Doc. 1), is **GRANTED**.

**IT IS ORDERED** that, on or before March 24, 2026, at 5:00 p.m. EDT,

Respondents **shall** either release Petitioner from custody *or* provide Petitioner with

a constitutionally adequate bond hearing before an IJ. In the event of the latter:

(1)   Respondents **shall** provide a copy of this order to the IJ prior to any hearing;

(2)   the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *5-9;

(3)   Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* that Petitioner is a danger to the community. *See Black v. Decker*, 103 F.4th 133, 155 (1st Cir. 2024), *reh'g en banc denied*; *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 U.S. Dist. LEXIS 11113, at *12-27 (W.D. Mich. Jan. 21, 2026); and

(4)   the IJ **shall** consider whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report

within one (1) business day following the above deadline to certify compliance with

the Court's ruling. The certification shall note whether and when a bond hearing was

held, whether bond was granted or denied, and the reasons therefore.

3

The Court retains jurisdiction to enforce this grant of relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), and adjudicate timely petitions filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Michael R. Barrett
United States District Judge

4